Citation Nr: 1339295 
Decision Date: 11/29/13 Archive Date: 12/13/13

DOCKET NO. 13-00 284A ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Nashville, Tennessee


THE ISSUES

1. Whether new and material evidence has been presented to reopen a claim for service connection for the cause of the Veteran's death.

2. Entitlement to death pension.


REPRESENTATION

Appellant represented by: Tennessee Department of Veterans' Affairs


ATTORNEY FOR THE BOARD

S.J. Janec, Counsel


INTRODUCTION

The Veteran had active service from April 1961 to November 1983. He died in April 1997. The appellant seeks surviving spouse benefits. 

This matter comes before the Board of Veterans' Appeals (Board) from a July 2010 decision of the Nashville, Tennessee, Regional Office (RO) of the Department of Veterans Affairs (VA) that denied the claims.

The appeal is REMANDED to the RO via the Appeals Management Center in Washington, D.C.


REMAND

In a May 2013 deferred rating, it was noted that the appellant did not indicate if she wanted a Board hearing because she did not submit a VA Form 9. She was to be advised of her hearing options. In a June 2013 letter, the appellant was informed that her January 2013 statement was accepted as a substantive appeal, but that she had marked two hearing options. Subsequently, she returned the signed hearing election sheet in June 2013, but she did not affirmatively select any of the options. 

In a statement received directly by the Board, the appellant indicated that she did "not have a representative to represent [her] before the board." The claims file indicates that she completed a VA Form 21-22 in favor of the State of Tennessee, Department of Veterans' Affairs in July 2010. All correspondence to the appellant was copied to that organization. In June 2013, a VA Form 646 was received from her representative on her behalf. Her representative also waived the 30-day period following issuance of the statement of the case dated in May 2013. 
Although the appellant has designated a representative, it appears that she has not communicated with the representative and may be seeking to revoke representation by stating that she had no representative. Additionally, it appears that she may want a hearing before the Board. Therefore, the Board finds that clarification is warranted before appellate review of her claims. 

Accordingly, the case is REMANDED for the following action:

1. Inform the appellant that she has completed a VA Form 21-22 in favor of State of Tennessee, Department of Veterans' Affairs in July 2010, and that this is her current representative of record. Allow her the opportunity to appoint a different representative or consult with her representative. 

2. After her representative issue is clarified, inform the appellant of her Board hearing options and ask her to affirmatively state whether she want a hearing before the Board and what type of hearing. If she decides that she wants a Board hearing, it should be scheduled by the RO. 

3. Then readjudicate the claim. If the decision is adverse to the Veteran, issue a supplemental statement of the case and allow the appropriate time for response. Then, return the claim to the Board.

The appellant has the right to submit additional evidence and argument on the matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West Supp. 2012).



_________________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2002), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2013).